## RETZER *v.* WOOD, Collector.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Submitted November 1st, 1883.—Decided November 12th, 1883.

*Collector—Express Business—Internal Revenue—Limitation—Pleading.*

The idea of regularity, as to route or time, or both, is involved in the words "express business," under § 104 of the act of June 30th, 1864, c. 173, 13 Stat. 276, and those words do not cover what is done by a person who carries goods solely on call and at special request, and does not run regular trips or over regular routes.

In the absence of a statutory rule to the contrary, the defence of a statute of limitations, which is not raised either in pleading, or on the trial, or before judgment, cannot be availed of.

In a suit to recover back internal revenue taxes, tried by the circuit court, without a jury, the court having found the facts, and held that the taxes were illegally exacted, but that the suit was barred by a statute of limitation, rendered a judgment for the defendant. On a writ of error by the plaintiff, the record not showing that the question as to the statute of limitations was raised by the pleadings, or on the trial or before judgment, and the conclusion of law as to the illegality of the taxes being upheld, this court reversed the judgment, and directed a judgment for the plaintiff to be entered below.

This suit was commenced in a court of the State of New York, and was removed by the defendant into the Circuit Court of the United States for the Southern District of New York by a writ of certiorari. The defendant was a collector of internal revenue, and exacted and collected from the plaintiff at various times in the years 1866, 1867 and 1868 sums of money amount-

ing in all to $61.30, as a tax of 3 per centum on the gross amounts of the plaintiff's receipts from his business, under the provisions of § 194 of the act of June 30th, 1864, c. 173, 13 Stat. 276, which enacted, "that any person, firm, company, or corporation carrying on or doing an express business, shall be subject to and pay a duty of three per centum on the gross amount of all the receipts of such express business." The suit was commenced June 2d, 1874. The plea was the general issue. The statute of limitations was not pleaded. A jury having been waived by a written stipulation of the parties, the action was tried before the court without a jury. The court found the fact of the dates and amounts of the exactions, and these further facts: The plaintiff's business was the carrying of goods between New York and Brooklyn, and from one place in the city of Brooklyn to another place in the same city. He did not run regular trips, nor over regular routes or ferries, but where ordered. He had a place in Brooklyn where he received orders on a slate from persons who wished articles sent from there to New York, and from one place in Brooklyn to another place in Brooklyn. The goods were carried in wagons. They were of a miscellaneous character, such as boxes of dry goods, barrels of sugar, rolls of sole leather, trunks, and general merchandise. His business was done solely upon call, and at special request, and, as requested, he sent to any place in either of said cities and took baggage or freight to any place in either of said cities. On the 28th of May, 1873, he presented to the commissioner of internal revenue a claim, supported by his own oath, for the refunding to him of the moneys so exacted as taxes. No decision was ever made on the claim. The court found, as conclusions of law, (1) that the tax was illegally exacted; (2) that the action was barred by § 44 of the act of June 6th, 1872, c. 315, 17 Stat. 257. A judgment was rendered for the defendant. To reverse that judgment the plaintiff brought this writ of error.

There is in the record a bill of exceptions, which shows that, after the plaintiff had given evidence to establish the facts so found, the defendant offering no testimony, the plaintiff requested the court to render judgment for the plaintiff, but the

court refused, and the plaintiff excepted, and the court directed a judgment for the defendant, and the plaintiff excepted.

*Mr. William Stanley* and *Mr. Edwin B. Smith* for plaintiff.
*Mr. Solicitor-General Phillips* for the defendant.

MR. JUSTICE BLATCHFORD delivered the opinion of the court. After reciting the facts as stated above, he said:

We are of opinion that the plaintiff was not liable to this tax, because he did not carry on or do an "express business," within the meaning of the statute. Although he carried goods between New York and Brooklyn, and from one place to another in either city, he did so solely on call and at special request. He did not run regular trips or over regular routes or ferries. He was no more than a drayman or truckman doing a job when ordered. The fact that he had a place in Brooklyn where orders could be left on a slate made no difference. The words "express business," in the statute, must have the meaning given them in the common acceptation. An "express business" involves the idea of regularity, as to route or time, or both. Such is the definition in the lexicons. Whether, if the plaintiff had held out to the world, at any place of business, that he was carrying on an "express" or was doing an "express business," or had so designated himself by inscription on his vehicle or vehicles, that would have made any difference, it is not necessary to inquire, because no such thing was shown.

As to the defence of the statute of limitations, it was not pleaded, nor brought to the attention of the court, as a defence at the trial. It was not within the issue raised by the plea of the general issue, which was the only issue to which the stipulation for a trial by the court extended. It is well settled, that, in the absence of a contrary rule established by statute, a defendant who desires to avail himself of a statute of limitations as a defence, must raise the question either in pleading, or on the trial, or before judgment. *Storm* v. *United States*, 94 U. S. 76, 81; *Upton* v. *McLaughlin*, 105 U. S. 640. Such was always the law in New York, and no contrary rule was in force in New York, by statute, at any time after this suit was

brought. When the testimony at the trial closed, and the plaintiff asked for a judgment in his favor, he was entitled to it. It is proper that the circuit court should be directed to enter such a judgment. The conclusion of law, by the circuit court, that the tax was illegally exacted, being a correct conclusion, and its conclusion that the suit was barred by limitation being an incorrect conclusion, it follows that the plaintiff was entitled to judgment on the facts found. The special findings of fact were equivalent to a special verdict, and the question thereon was whether they required a judgment for the plaintiff or the defendant. This was a matter of law, the ruling on which can be reviewed by this court. *Norris* v. *Jackson*, 9 Wall. 125.

The defendant in error asks that, if the judgment be reversed, the case be remanded, so that the statute of limitations may be pleaded. Without passing on the question as to whether the statute invoked would furnish a defence in this case, we are of opinion that no ground exists for the course suggested. The record shows that the defendant's attorney had notice, by the declaration, that the plaintiff's claim accrued before a date more than eight years prior to the filing of the plea. Under such circumstances it would not be a fair exercise of discretion not to hold the defendant to his legal status.

*The judgment is reversed and the case is remanded to the circuit court, with directions to enter a judgment for the plaintiff for $61.30, with interest according to the law of the State of New York.*