## AMERICAN MERCHANT MARINE INS. CO. OF NEW YORK v. TREMAINE et al.

(Circuit Court of Appeals, Ninth Circuit. December 6, 1920.)

No. 3513.

1. **Insurance** ⬦⟹143(3)—**Statute requiring entire contract to be in writing does not prevent reformation of contract for mistake.**

   Rem. Code Wash. 1915, § 6059—31, providing that every contract of insurance shall be construed according to the terms and conditions of the policy, except when made pursuant to a written application intended to be made a part of the contract, in which case the insurer shall deliver a copy of the application with the policy, otherwise it shall not be a part of the contract, *held* not to affect the power of a court of equity to reform an insurance contract on the ground of accident or mistake.

2. **Appeal and error** ⬦⟹173(10)—**Defense of laches must be made in trial court.**

   An appellate court will not consider a question of laches not raised in the trial court.

3. **Insurance** ⬦⟹313—**Warranty as to date of sailing material to marine risk.**

   A warranty as to date of sailing in a contract insuring a scowload of lumber on a voyage in Alaskan waters *held* material to the risk.

4. **Partnership** ⬦⟹205—**Failure to serve nonresident partners not ground for dismissal.**

   That members of a defendant partnership, who were nonresident aliens, had not been served, *held* not ground for dismissal on motion of the resident partner.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by the American Merchant Marine Insurance Company of New York against H. G. Tremaine, S. L. Buckley, and John Doe Buckley, partners as the Buckley-Tremaine Lumber Company. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

The court below dismissed the bill brought by the appellant to reform a policy of marine insurance. The complaint alleged that on October 3, 1919,

---

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

the appellees made written application to the appellant for insurance on certain lumber while on a scow in tow of a tug from Craig, Alaska, to Prince Rupert, B. C., and thence in double tow of approved tug to Seattle, Wash., voyage actually to commence in October, 1919, and that the appellant insured the lumber in the sum of $4,875 for the voyage so set forth, and indorsed on the application its written acceptance in that sum; that on October 6, 1919, the appellant executed and delivered to the appellees its certificate of insurance in the usual form, which the appellees accepted in substitution of the "cover note" in accordance with custom and usage; that in drafting the certificate the scrivener employed by the appellant, by accident and mistake, failed to incorporate therein the provision in the cover note to the effect that the voyage described should commence during the month of October, 1919, and that without knowledge of that omission, and believing that the certificate of insurance did in fact contain all the provisions of the cover note, the appellant's agent by accident and mistake signed the certificate and caused it to be delivered; that the appellees, also believing that the certificate did in fact contain the said omitted provision, accepted the said certificate, or, having knowledge of the omission and of the accident and mistake, they neglected to disclose the fact of the omission to the appellant; that the provision omitted was a material and express warranty materially affecting the risk, and that the contract should be reformed so as to express the agreement between the parties.

The appellees moved to dismiss. The motion was allowed, on the ground that, the contract having been entered into in the state of Washington, reformation of the instrument was forbidden by the Insurance Code of that state (Rem. Code 1915, § 6059—31; Laws 1911, p. 195, § 31), which provides: "Every contract of insurance shall be construed according to the terms and conditions of the policy, except where the contract is made pursuant to a written application therefor, and such written application is intended to be made a part of the insurance contract, and the insurance company making such insurance contract, unless as otherwise provided by this act, shall deliver a copy of such application with the policy to the assured, and thereupon such application shall become a part of the insurance contract, and failing so to do it shall not be made a part of the insurance contract."

Harold M. Sawyer, of Portland, Or., Alfred T. Cluff, of San Francisco, Cal., and Grosscup & Morrow, of Tacoma, Wash., for appellant.

Frank A. Huffer and William H. Hayden, both of Seattle, Wash., and Gerald H. Bucey, of Tacoma, Wash., for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] We think that the statute has no relation to the subject-matter of the present suit. This is not a case of the construction of an insurance contract. The appellant is not here attempting to assert rights under the contract. It is here seeking to reform the written expression of the contract as found in the policy, and have it set forth the true agreement upon which the minds of the contracting parties had met, and had expressed in writing, and which by accident and mistake had not been included in the policy. The effort is to let into the contract something entirely distinct from the sense and construction thereof. The statute was clearly never intended to stand in the way of the reformation of insurance policies, or to curtail a power which is everywhere conceded to courts of equity.

Many states have adopted similar statutes, the object whereof is to require that the whole agreement between the insurer and insured

shall. be expressed in the policy. But in so legislating there is no denial of power to reform contracts of insurance. To provide that, if a copy of the application is not delivered to the assured, it shall not become a part of the contract, is not to say that a court of equity may never correct a mutual mistake after the policy is delivered. The statute but expresses the general rule, which obtains in the absence of statute, that a policy of insurance, issued and accepted by the insured, is in law the final contract between the parties, and supersedes all preliminary agreements in respect to the insurance, in the absence of fraud or mistake.

The court below relied upon Joyce on Insurance, § 190, which declares that such statutes must be complied with; otherwise the application and all testimony relating thereto will be excluded, so that an application which is not made according to the policy or shown by it in any way cannot be considered. The text-writer was there referring to cases in which liability under contracts of insurance is either asserted or assailed in actions in court, and the decisions to which he refers are all in cases of that character. The same is true of the cases cited by the appellee herein.

[2] It is contended that the ruling of the court below is sustainable on grounds other than that on which it was based. One of those grounds is said to be the appellant's laches. The contract was made in October, and the suit was brought about five months later. It does not appear from anything alleged in the bill that there was laches, and laches was not made a ground of the motion to dismiss. It is true that the bill fails to state the time when the appellant discovered the mistake; but, there having been no suggestion of laches in the court below, this court would not be warranted in affirming the judgment for such a defect in pleading, which, if it had been pointed out in the court below, might have been cured by amendment.

[3] It is contended, also, that the bill fails to show whether the words omitted from the policy were intended to be a warranty or a mere representation, or that they were material to the risk. The words which were omitted do not in themselves indicate that they were not what they were alleged to be, "a material express warranty, materially and substantially affecting the rights and obligations" of the appellant. It is obvious that a warranty as to the date of sailing of a scowload of lumber on a voyage in Alaskan waters may be very material to the risk. 26 Cyc. 639. In McLanahan v. Universal Insurance Co., 1 Pet. 170, 188 (7 L. Ed. 98) Mr. Justice Story said:

"That the time of sailing is often very material to the risk cannot be denied."

[4] It is said that the bill was properly dismissed, because of the appellant's failure to bring more than one of the three defendants into court. The defendant who resided in the district was served with process. His copartners, being nonresident aliens, had not been served. The resident partner brought the case on for hearing on his motion to dismiss, and he cannot complain that his codefendants had not then been served. The only question before this court is whether it was

error to dismiss the bill, and that question is in no way affected by the fact that but one of the defendants was before the court.

The decree is reversed, and the cause remanded to the court below for further proceedings.