**ASHTON v. GLAZE et al.**

**No. 8542.**

Circuit Court of Appeals, Ninth Circuit.

March 14, 1938.

Edwin J. Miller, of Los Angeles, Cal., for appellant.

Frank L. Guerana, of San Francisco, Cal., and Eugene P. Fay, of Los Angeles, Cal., for appellee Carpenter.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appellant, as trustee in bankruptcy for the estate of Jerome M. Glaze, brought this action to avoid transfers of property which had been made by the bankrupt to his daughter; also, to set aside mortgages or pledges of the property which had been made to the Automobile Owners Indemnity Underwriters, an inter-insurance exchange. The appellee Carpenter, is the insurance commissioner of the State of California, acting as liquidator of the insurance exchange. For convenience, the latter will be referred to in the opinion as Underwriters. The case was referred to a special master, who recommended a decree setting aside the conveyances and quieting title in the appellant trustee, without prejudice to the rights of the appellee insurance commissioner, as liquidator of Underwriters. Such decree was entered, and the trustee alone has appealed.

Appellee's interest in the property involved arises out of two transactions, which for convenience will be discussed, as in the briefs, under the captions "$25,000 transaction" and "$10,000 deal."

The "$25,000 Transaction." In 1929, Glaze agreed with promoters to purchase stock in a proposed corporation to be known as the Citizens Union Corporation, Ltd. This agreement was "conditioned upon the granting of a charter to the said corporation and a certificate of authority to sell and dispose of its securities." The contract also contained the following provision: "It is further understood that if within six (6) months from the date of delivery of said stock you desire to dispose of same at the same price as herein stipulated, we agree to sell it for you within the period of twelve (12) months from said time and apply proceeds to the satisfaction of said notes hereinbefore mentioned." The permit to sell stock, which was later issued to Citizens Union Corporation by the corporation commissioner of California, authorized the sale for cash only.

Pursuant to the agreement, Glaze gave to the Citizens Union Corporation, attorney in fact for Underwriters, a note for $25,000 secured by a deed of trust on certain properties in Kern county. It was understood by Glaze that these securities would be used to qualify the insurance company to do business under the laws of California. It was also understood between the parties that, after the securities had been used for this purpose, they would be returned to Glaze. Most of the stock which Glaze received in exchange for his note was returned to the Citizens Union Corporation. The note and trust deed were later transferred to Underwriters, and were renewed directly to it. At the time of this assignment Glaze was a director of Citizens Union Corporation.

The "$10,000 Deal." In January, 1930 Glaze gave to the Citizens Union Corporation a note for $10,000, and as collateral to it assigned a note for $12,500 and a deed of trust, executed by one Bassett. As consideration for his note and the collateral given with it Glaze received $10,000 in cash, half of which was used to discharge a prior mortgage on the Kern county property, for which a deed of trust had been given as above stated. This, enabled Underwriters to satisfy the legal requirement that the trust deed be a first lien on the property. The remaining $5,000 was used by Glaze to purchase stock, which he immediately resold. From the sale of this stock Glaze realized $4,650. In March, 1931 the Glaze note for $10,000 was renewed directly to Underwriters, and the Bassett collateral was assigned to that concern. At the same time, and as additional security, Underwriters was given a mortgage on a Long Beach apartment, which Glaze owned.

The securities held by Underwriters under both the "$25,000 transaction" and the "$10,000 deal" were listed as assets of Underwriters in its annual statements. Upon the basis of these statements the California insurance commissioner issued to Underwriters certificates of authority to do business for the years 1930 to 1933. In December, 1933, Underwriters was adjudged insolvent and the state insurance commissioner was appointed liquidator. The liquidator was ordered to take possession of Underwriters' property and conserve its assets "for the benefit of its policyholders, its creditors and the general public." Creditors' claims aggregating $150,000 have been filed with the liquidator. The earliest of these claims dates back to June 13, 1931.

Glaze was adjudicated a bankrupt in June, 1933. The bankrupt estate listed eleven creditors with total claims of about $44,000. The earliest of these obligations was incurred March 20, 1931.

Concerning the "$10,000 deal" the court found that this was a valid transaction for a valuable consideration, and decreed that the liquidator is entitled to hold and retain the Bassett deed of trust and the mortgage on the Long Beach apartment as collateral security to the obligation of Glaze, evidenced by his $10,000 note. The finding and decree are clearly correct in this respect. Relative to the "$25,000 transaction" the trial court found that although the note and trust deed were, as between the immediate parties, void under the Corporate Securities Act of the state* (the sale of stock not having been made for cash as required by the terms of the permit), nevertheless the parties themselves and the trustee in bankruptcy were estopped as against the liquidator and those represented by him to take advantage of the fraud. The court concluded that the renewal notes and trust deeds to the Kern county property were enforceable in the hands of the liquidator.

Treating the Citizens Union Corporation and the Underwriters as identical, appellant contends that Glaze was an innocent victim and was not estopped, nor is his trustee in bankruptcy, to recover the securities. We think this contention is untenable. Glaze was not an innocent party, but was a knowing participant in the transactions. The trial court properly found from the evidence that Glaze knew that the securities he gave Underwriters would be used for the purpose of qualifying it to do business. Glaze was, in fact, a director of the Citizens Union Corporation. The liquidator represents, not only the state, but also the creditors of Underwriters, including its policyholders. As said by Judge McCormick in Re American Aluminum Metal Products Co., D.C., 15 F.2d 234, 235: "It is well settled in California that, while estoppel is unavailable as a plea in an action between parties to a void stock subscription contract, this rule has an exception that permits innocent creditors to invoke the conduct of the parties to the void contract as an estoppel and barrier against their asserting the invalidity of their contract, so as to defeat just claims of innocent creditors." In the opinion in that case the authorities are collected and these need not be cited or further reviewed. See, also, Federal Land Value Insurance Co. v. Taylor, 9 Cir., 56 F.2d 351.

Appellant argues that the liquidator did not plead an estoppel and that the pleadings in this respect do not support the decree. However, the case was apparently tried, without objection, on the theory that estoppel was involved; and the pleadings may be deemed to be amended in conformity with the proof.

On the appeal, for the first time, appellant attacks the decree on the asserted ground that the Glaze note of $10,000 had become barred by the statute of limitations, section 337(1), California Code of Civil Procedure, as amended, prior to the entry of the decree. This note was due March 31, 1932 and, if not tolled, the statute would have run on March 31, 1936, during the pendency of the litigation. The decree was entered September 2, 1936. However, the statute of limitations was not pleaded, nor was the question otherwise raised below. The only issue presented to the trial court was that concerning the right of the liquidator, on the basis of the facts related earlier in this opinion, to retain the securities. That issue was properly decided in favor of the liquidator. There is no indication in the assignments of error or elsewhere of the intention of the appellant to claim the benefit of the statute. It is elementary that the defense of laches or of the statute of limitations will not be considered when raised for the first time in an appellate court. 3 Am.Jur. 66; Upton v. McLaughlin, 105 U.S. 640, 26 L.Ed. 1197; Retzer v. Wood, 109 U.S. 185, 3 S.Ct. 164, 27 L.Ed. 900; Bardon v. Land & River Imp. Co., 157 U.S. 327, 15 S.Ct. 650, 39 L.Ed. 719; American Merchant Marine Ins. Co. v. Tremaine, 9 Cir., 269 F. 376.

The judgment is affirmed.

---

*Act 3814, §§ 4 and 16, Deering General Laws 1931.