Sarah PERLMUTTER, Plaintiff,

v.

Edward M. SHATZER, Paul S. Goodman, and Harold S. Goodman, Defendants.

Civ.A. No. 78–526–N.

United States District Court, D. Massachusetts.

June 18, 1984.

Sandra Scholnick Swartz, Hans R. Hailey, Boston, Mass., for plaintiffs.

Linda A. Serafini, Gadsby & Hannah, Boston, Mass., for defendants.

Paul S. Goodman, pro se.

## MEMORANDUM

DAVID S. NELSON, District Judge.

This is a securities fraud action, brought under 15 U.S.C. § 78 and Securities and Exchange Commission Rule 10b–5 ("Rule 10b–5"), in which defendant seeks to raise a statute of limitations defense five years after the complaint was first answered. The questions to be decided are whether defendants' motion for leave to amend their answer to include the statute of limitations defense, a motion which was allowed last October, should be reconsidered, and if so, whether it should now be denied.

After examining the procedural history of this case, I find that the initial granting

of the defendants' motion to amend their answer to include the statute of limitations defense should be reconsidered. Upon such reconsideration, I now find that defendants' motion should be denied.

## I. FACTS

The plaintiff claims that fraudulent actions by the defendant in connection with plaintiff's intended sale of 8100 shares of Unipack Corporation prevented her from selling those shares, prior to a certain merger. Plaintiff further claims that as a result of the delay and merger, the market for the stock ceased to exist and the sale became impossible. She seeks $32,000 in damages.

The complaint, addressing a 1972 series of transactions, was initially filed in 1978. Discovery began in 1979 and proceeded, with frequent delays, through 1983. A default judgment was entered against defendants in July 1980, due to defendants' failure to attend a status conference. The default was removed in 1981. Default was again entered against defendants, this time for failing to respond to a discovery order. The second default, entered in 1983, was also removed.

On September 30, 1983, defendants filed a motion for leave to amend their answer. Plaintiff failed to oppose the motion, and it was allowed. Defendants then amended their answer to include a statute of limitations defense, under Mass.Gen.Laws c. 260, § 2A and shortly thereafter filed a motion requesting a dismissal of the case by a judgment on the pleadings, under Fed.R. Civ.P. 12(c).

Plaintiff then filed the motion being considered herein, requesting, among other things, (1) reconsideration of the allowance of defendant's motion for leave to amend, and (2) denial of that motion.

## II. DISCUSSION

### A. *Reconsideration*

■ Plaintiff has requested that the allowance of defendants' motion for leave to amend their answer be withdrawn. Although plaintiff did not oppose that motion at the time it was first considered, she has now filed a memorandum with several plausible reasons for rejecting defendants' motion. In addition, plaintiff attempts to excuse the untimeliness of her opposition to defendants' motion on the basis of expectations developed during the course of the litigation. Plaintiff claims that defendants' motion was granted unusually soon, as compared to other motions granted during this litigation. She believes that her reliance on some delay was justified, and should excuse the untimeliness of her present motion.

While plaintiff's excuse for delay is not by itself compelling, when considered in conjunction with the defendants' past delays, defaults, and reliefs from default, there is ample justification for allowing the reconsideration motion. I therefore allow the motion for reconsideration, and proceed to a discussion of whether leave to amend was correctly granted.

### B. *Leave to Amend Defendant's Answer*

### 1. The Statute of Limitations Defense is Waivable if not Properly Raised

■ In the case of *Retzer v. Wood,* 109 U.S. 185, 3 S.Ct. 164, 27 L.Ed. 900 (1883), the Supreme Court clearly stated that the statute of limitations was a waivable defense. In that case, the court refused to allow the statute of limitations defense to be raised after judgment had already been rendered. *Retzer* held that the defense may be raised "in pleading, or on the trial, or before judgment," *Retzer* 109 U.S. 185, 187, 3 S.Ct. 164, 165. The case does not, however, stand for the proposition that defendant may raise the statute of limitations defense at any time, regardless of inconvenience or prejudice to other parties. Rather, *Retzer* sets the outside limits within which a court may allow a statute of limitations defense to be raised, and explicitly provides that statutory limits or other contrary rules may further restrict a claimant's assertion of this defense. *Id.*

Defendants in the present case attempt to rely on *Retzer,* as applied in *Emich*

*Motors Corporation v. General Motors Corp.*, 229 F.2d 714 (7th Cir.1956). Such reliance, however, is misplaced. Although the Circuit Court in *Emich Motors* allowed a statute of limitations plea to be raised for the first time long after the complaint was initially filed, that decision was premised on the defendants' reliance on a particular statute of limitations which had changed since the litigation had begun. *Emich Motors* is therefore clearly distinguishable from the case at bar, for there have been no such changes in the law which might have excused defendants' late assertion of the defense.

A more recent discussion of restrictions on the pleading of a statute of limitations defense can be found in *Wagner v. Fawcett Publishing*, 307 F.2d 409 (7th Cir.1962), *cert. denied*, 372 U.S. 909, 83 S.Ct. 723, 9 L.Ed.2d 718 (1962). In *Wagner*, the Circuit Court clearly states that "[t]he raising of the defense of the statute of limitations ... is a personal privilege of the defendant. If it fails to take advantage of that privilege *in the manner provided by law*, it is waived." 307 F.2d 409, 412 (emphasis added). The question we must ask, then, is whether or not defendant in the present case has raised the statute of limitations defense, "in the manner provided by law."

2. **Federal Rules of Civil Procedure 8(c) and 15(a) Define the Manner in which Defendant's Statute of Limitations Defense Must be Raised.**

■ Fed.R.Civ.P. 8(c) governs the pleading of affirmative defenses such as the statute of limitations, and requires the party so defending to affirmatively set forth such plea. If not set forth when the complaint is initially answered, a party may amend or supplement its answer to include the statute of limitations defense, under the provisions of Fed.R.Civ.P. 15(a). Rule 15(a) provides for such amendment either (1) within 20 days after the answer is served; (2) by written consent of the adverse party; or (3) by leave of the court. The rule further states that "leave shall be

freely given when justice so requires." Fed.R.Civ.P. 15(a).

■ In the present case, neither of the first two grounds for amendment have been met. The 20 day amendment window has long since closed, and the adverse party does not here consent to the amendment. What remains to be decided then is whether or not "justice so requires" that the amendment be allowed.

3. **Leave to Amend Should be Granted, Absent Undue Delay, Bad Faith, or Undue Prejudice to the Opposing Party.**

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court interpreted Fed.R.Civ.P. 15(a) as requiring that leave to amend be granted,

in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of the amendment.

See also *Farkas v. Texas Instruments, Inc.*, 429 F.2d 849 (1st Cir.1970). Therefore, the court's inquiry should focus on whether or not any of the above reasons are present, and if so, whether they are significant enough for justice to require that defendants' leave to amend be denied. Specifically, the court must consider whether, and to what extent bad faith, repeated failure to cure, futility, undue delay, or undue prejudice to the plaintiff were present in this case. Each factor will be discussed in turn.

(a) *Bad Faith and Dilatory Motive*

There is no apparent evidence of any bad faith or intentional delay by the defendant in their failure to raise the statute of limitations defense at an earlier date. Defendants claim that their untimeliness was due to "inadvertence and excusable neglect". Without evidence or allegations to the contrary, the court will assume that bad faith was not a factor.

(b) *Repeated Failure to Cure*

The defendants have never in the course of this litigation requested leave to amend their answer. Therefore, they have not had the opportunity to previously "fail to cure" any deficiencies in their answer. Although there has been ample time for such a cure, there has been no "repeated failure" to cure in the *Foman* sense.

(c) *Futility*

Without deciding whether the defendants here could succeed on a statute of limitations defense, I find that there is sufficient merit in the claim to preclude rejecting the amendment solely on grounds of "futility."

(d) *Undue Delay*

There appears to be no bright line separating "acceptable delay" from "undue delay." However, most of the cases that have considered delays of several years between an initial answer and an attempt to raise a statute of limitations defense have disallowed such amendments, absent some clear justification for the delay.

In *Retzer v. Wood,* the Supreme Court denied a late assertion of the statute of limitations defense, saying that

"[t]he record shows that the defendant's attorney had notice ... that the plaintiff's claim accrued before a date more than eight years prior to the filing of the plea. Under such circumstances it would not be a fair exercise of discretion not to hold the defendant to his legal status. 109 U.S. 185, 188, 3 S.Ct. 164, 166, 27 L.Ed. 900 (1883).

Although the delays by defendant in the present case have not been quite as severe as those in *Retzer*, they have been significant. The defendant first attempted to raise the statute of limitations bar more than five years after he had first answered plaintiff's complaint. In addition, as in *Retzer*, the defendant here has had notice since the outset of the litigation that the defense was available. No new facts and no changes in the law have arisen to give

defendant sudden notice of the availability of the defense.

Under a similar set of facts in *Bernstein v. M.V. Nederlansche-Amerikaansche*, 79 F.Supp. 38 (S.D.N.Y.), the court denied an amendment to a pleading on the following grounds:

The action has been pending over three years. While leave to amend should be freely given, the time must arrive at some stage of every litigation when [defendant] must be required to stand upon the allegations he is asserting; that time has arrived. *Id.* at 42.

In the present case, after five years, that time has clearly arrived.

(e) *Undue Prejudice*

There are certain cases in which answers have been allowed to be amended to add statute of limitations defenses, long after answers were initially filed. Such amendments have only been allowed, however, upon a showing by the amending party that the opposing party will not be unduly prejudiced. In *Schwartz v. American Stores Company*, 22 F.R.D. 38 (E.D.Pa.1958), and *Wyshak v. City National Bank*, 607 F.2d 824 (9th Cir.1979), defendants were allowed to raise statute of limitations defenses after their initial answers were filed, because no undue prejudice was shown. Both *Wyshak* and *Schwartz*, however, are readily distinguishable from the present case. In neither of those cases was there any showing of prejudice resulting from the delays. In the present case, however, such prejudice is apparent: assuming arguendo that the statute of limitations defense could succeed, an earlier pleading of the defense would have (a) terminated the action, and (b) saved great amounts of plaintiff's time. (c) An earlier pleading may also have allowed plaintiff the opportunity to pursue his claim in a jurisdiction with a longer statute of limitations period.

In *Strauss v. Douglas Aircraft*, 404 F.2d 1152 (2d Cir.1968), such prejudicial effects were deemed sufficient to deny a defendant leave to add a statute of limitations

defense to its answer. As Judge Kauffman stated,

> It seems to require little argument that where the party seeking to amend wishes to raise a defense of limitations long after the answer was first filed, a court would be remiss if it did not carefully balance the effects of such action, for it is manifest that *the risk of substantial prejudice increases in proportion to the length of defendant's delay* in seeking the amendment .... In sum, *the party wishing to raise the defense is obliged to plead the statute of limitations at the earliest possible moment* .... 404 F.2d 1152, 1155. (emphasis added)

In the present case, as in *Strauss*, defendant's undue delay case has significantly prejudiced the plaintiff, and should not be excused.

*McGraw v. Matthaei*, 388 F.Supp. 84 (E.D.Mich.1972), lends further support to plaintiff's opposition to the motion. *McGraw* was a 10b–5 action in which a two-year delay between the initial answer and a statute of limitations plea was held to have unduly prejudiced the opposing party. That court's decision to deny the motion to amend the answer to include the defense rested entirely on the lateness of the plea, and the unnecessary expense of litigation that the opposing party had incurred. The plaintiff here makes almost identical claims under similar facts. The holding in *McGraw* is therefore quite persuasive.

### III. CONCLUSION

The proposed amendment "goes far beyond the great liberality afforded by [Rule 15(a)]" *Darey v. North Atlantic & Gulf,* 78 F.Supp. 662 (E.D.Pa.1948). Because the plaintiff would be unduly prejudiced by the allowance of a statute of limitations defense at this late point in the proceedings, I hereby deny the defendants' motion for leave to amend their answer to include such a defense.