Adam **FARKAS**, Appellant,

v.

**TEXAS INSTRUMENTS, INC.**

and

**Ling-Temco-Vought, Inc.**, Appellees.

No. 7560.

United States Court of Appeals,
First Circuit.

Heard June 4, 1970.

Decided July 10, 1970.

10. *Cf.* Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

11. Earnest v. Willingham, 406 F.2d 681 (10th Cir. 1969).

Adam Farkas, pro se.

Lane McGovern, Boston, Mass., with whom Ropes & Gray, Boston, Mass., was on brief, for Texas Instruments, Inc., appellee.

Harold Lavien, Boston, Mass., with whom Brown, Rudnick, Freed & Gesmer, Boston, Mass., was on brief, for Ling-Temco-Vought, Inc., appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff brought this damage action against Texas Instruments, Inc. (TI) and Ling-Temco-Vought, Inc. (LTV), both Delaware corporations alleged to be doing business in Massachusetts, for what appears to be wrongful discharge and conspiracy. Plaintiff appeals from orders dismissing the suit against TI for lack of jurisdiction over the person and denying leave to file an amended complaint against LTV.

The action against TI was dismissed on the ground that service of process in accordance with Mass.Gen. Laws Ann. ch. 181, § 3A (Supp., 1970) was ineffective, as TI was not doing business in the Commonwealth. On the assumption that the manner of service made would, in a proper instance, be effective under Mass.Gen.Laws Ann. ch. 223, § 38 (1958), the district court ruled that jurisdiction was nevertheless lacking because TI was not doing business in the state and that the claim in question did not arise out of any activity by TI in Massachusetts. *Cf.* Caso v. Lafayette Radio Electronics Corp., 370 F.2d 707 (1st Cir.1966). Prior to argument, this court requested the parties to show cause why the judgment below should not be affirmed under Local Rule 5 (now 6) in light of our recent decision in Seymour v. Parke, Davis, Inc., 423 F. 2d 584 (1st Cir.1970). The plaintiff responded by contending that TI operates a large plant in Attleboro, Massachusetts, and is therefore doing business in the state. Counsel for TI represented to the court that the Attleboro plant is owned by a TI subsidiary, Texas Instruments, Inc., a Massachusetts corporation, and not by TI, against whom the action was brought. The court thereupon extended leave to the plaintiff to file copies of official documents, from the Secretary of State or otherwise, that would show that Texas Instruments, Inc. (Attleboro) is the same corporation as TI. Plaintiff having failed to do so,[1] the judgment of dismissal is affirmed on the opinion of the district court, Farkas v. Texas Instruments, Inc., C.A. No. 67–369–M (D.Mass., filed Dec. 31, 1969), and Seymour v. Parke, Davis, Inc., *supra*.

In the action against LTV, it is helpful to review the history of the litigation in considering the propriety of the district court's denial of plaintiff's motion of February 18, 1969, for leave to file an amended complaint. The original complaint was filed on May 5, 1967. LTV moved to strike the complaint under Fed.R.Civ.P. 12(f) and, as the original complaint was an extreme example of poor pleading, the district court struck it *in toto*, as to LTV, on September 11, 1967. Plaintiff moved for leave to amend on September 21 and, although the proposed amended complaint was hardly a model of fine draftmanship, it did allege a conspiracy between LTV

---

1. Plaintiff filed copies of newspaper advertisements and other material purporting to show that TI is doing business in Massachusetts. None of it is responsive to the issue whether TI and Texas Instruments, Inc. (Attleboro) are one and the same. In view of plaintiff's lack of counsel, the court subsequently requested TI to file proof that Texas Instruments, Inc. (Attleboro) is a Massachusetts corporation. A certificate of the Secretary of State attesting to that fact has been filed with the court.

and TI to falsify plaintiff's medical records and thereby to prevent his securing employment. The motion was denied on November 9. Another motion for leave to amend was filed on November 22, the proposed complaint again setting forth, amidst a mass of irrelevant material, a claim that LTV and TI conspired as recited above. Leave was denied on June 25, 1968. Having been unsuccessful in bringing a complaint before the district court, plaintiff on June 28, 1968, filed a motion for "early judgment" in an apparent attempt to lay a foundation for an appeal. The motion was renewed on September 18, September 23, and November 5. On December 31, 1968, the district court granted LTV's motion to dismiss the action, but on January 2, 1969, vacated the judgment and denied the motion to dismiss. On February 4, 1969, plaintiff finally secured counsel and on February 18 another motion for leave to amend was filed. The proposed complaint, this time in proper form, alleged, inter alia, that LTV and TI conspired to prevent plaintiff from obtaining gainful employment. Leave to file the proposed complaint was denied and the action dismissed, both without opinion, on January 20, 1970. Plaintiff moved for rehearing, but subsequently withdrew his motion.

■■ Although amendment of pleadings is largely a matter within the discretion of the district court, Rule 15(a) provides that "leave shall be freely given when justice so requires." And, as the Supreme Court has stated, leave should be granted:

> "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment * * *." Foman v.

Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Regrettably, the district court did not give its reasons for denying leave to amend and we must therefore canvas the possible bases for doing so.[2] It is clear, however, that there was no showing or claim of prejudice by LTV at any point in these proceedings. Nor is there any claim of bad faith on the part of the plaintiff. In the absence of some finding on these points by the district court, we cannot ascribe its decision to them.

■ The delay involved here is insufficient reason for the denial of plaintiff's most recent motion. In the absence of prejudice or bad faith, a delay of this magnitude does not of itself support denial. Middle Atlantic Utilities Co. v. S.M.W. Development Corp., 392 F.2d 380, 384 (2d Cir.1968). Moreover, most of the delay is attributable not to plaintiff, but to the time spent by the court in considering pending motions in the case. Plaintiff's motion to amend on September 21, 1967, followed the striking of the complaint by only ten days, but was held under advisement until November 9. His motion of November 22 was prompt, but the court held it for seven months. Plaintiff then unsuccessfully sought the entry of a final judgment from June 28, 1968, until early 1969. Finally, the motion to amend here at issue was held by the court for eleven months without decision. Under these circumstances we cannot permit denial of leave to amend to be premised upon the delay between the commencement of the action and the date on which the denial was entered.

■ Coming to the effect of the previous attempts to amend, we note that the proposed amended complaints submitted on September 21, and November 22, 1967, were at least arguably unsuccessful in their efforts to eliminate the rambling and immaterial allegations which the court apparently found objec-

---

2. The district court did expressly state that the denial was not based on want of prosecution. Accordingly, the denial can-

not be affirmed on a default theory premised on plaintiff's failure to appear at a hearing on the motion.

tionable in the original complaint. In the ordinary case, we would be inclined to uphold a trial court's exercise of discretion in denying leave to amend in like circumstances. Here, however, we are faced with a special circumstance in that the plaintiff, until the filing of the proposed complaint here at issue, was proceeding *pro se*. And while the standard which must be met in the drafting of pleadings is no different in such a case, the fact does bear on the propriety of the denial of leave to file an amended complaint, which was drafted by competent counsel and fully complies with Fed.R.Civ.P. 8, in light of the language of Rule 15(a) and *Foman*. In such circumstances, and absent bad faith or prejudice, we think the plaintiff should not be deprived of his day in court on the merits by virtue of having previously sought to file amendments *pro se* which did not meet proper standards of draftmanship. The district court therefore erred in denying plaintiff's motion of February 18, 1969, for leave to file an amended complaint.

The judgment in favor of Texas Instruments, Inc., is affirmed. The judgment in favor of Ling-Temco-Vought, Inc., is reversed and the case remanded for proceedings consistent with this opinion.