Joseph J. HAYES, Plaintiff, Appellant,

v.

NEW ENGLAND MILLWORK DISTRIBUTORS, INC., Defendant, Appellee.

No. 79–1105.

United States Court of Appeals,
First Circuit.

Argued June 7, 1979.

Decided July 10, 1979.

Frederick T. Golder, Boston, Mass., with whom Shulman & Golder, Boston, Mass., was on brief, for plaintiff, appellant.

Louis A. Rodriques, Boston, Mass., with whom Edward R. Lev, Boston, Mass., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal by an employee from the granting of his former employer's motion for judgment on the pleadings in a suit brought pursuant to § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, for alleged breach of the collective bargaining agreement. He appeals as well the district court's refusal, both before and after judgment, to permit him to amend his complaint to add his union as a defendant, to add a count against the union for breach of its duty of fair representation, and to supplement the allegations he had made against his employer.

The dispute among the parties arose. in May of 1974, when appellant, a truckdriver for appellee for twenty years, failed to report to work for twenty days. According to the complaint, appellant had a "terrible argument" with his wife. He told one of his co-workers that he was ill and would not be going to work and then fell into an "alcoholic stupor", remembering "very little of what happened until June 13, 1974 when he came to his senses." In the interim, he received notice from appellee that due to his failure to report for work and to explain his whereabouts to the company, he had "voluntarily quit and abandoned his employment".

Appellant then filed a grievance against appellee through his union, charging that he had been discharged in violation of that provision of the collective bargaining agreement which provides that terminations be "for cause". Although the union originally agreed to process the grievance and met with appellee for that purpose, it eventually "upon advice of counsel and after careful consideration, . . . elected to withdraw for lack of merit the arbitration procedure concerning Mr. Joseph Hayes." The union did negotiate a financial settlement on behalf of appellant, but he rejected it.

In June of 1976, appellant filed the instant suit. The case did not move forward, however, for approximately two years, when appellant initiated discovery. Shortly thereafter, in November of 1978, appellee filed a motion for judgment on the pleadings. Appellant responded with an opposition to that motion and moved as well to amend his complaint as described above. After a hearing on the merits and the proposed amendment, the court entered judgment for appellee and denied appellant the opportunity to amend his complaint. After judgment, appellant moved once again to amend, this time to add that "the defendant repudiated the grievance procedure of the Collective Bargaining Agreement and re-

fused at all times to arbitrate the plaintiff's discharge." This motion was denied as well.

■ We turn first to appellant's contention that the complaint in its original unamended form stated a cause of action and thus that judgment on the pleadings was entered improperly for appellee. Appellant's suit was brought pursuant to § 301 of the Labor Management Relations Act, which enables an employee or his union to sue his employer for his failure to comply with the collective bargaining agreement. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 562, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 183, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). There is, however, an important qualification to a plaintiff's right to bring such a suit: "[s]ince the employee's claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced." *Vaca v. Sipes, supra,* 386 U.S. at 184, 87 S.Ct. at 914. Thus, if the contract provides for a grievance and arbitration procedure, as is the case here, a court ordinarily may not hear the § 301 suit of an employee who has not resorted to the remedies of his contract. *Id.; Hines v. Anchor Motor Freight, supra,* 424 U.S. at 562–63, 96 S.Ct. 1055; *Glover v. St. Louis-San Francisco Railway Co.,* 393 U.S. 324, 329–30, 89 S.Ct. 458, 21 L.Ed.2d 519 (1969); *Soto Segarra v. Sea-Land Service, Inc.,* 581 F.2d 291, 294 (1st Cir. 1978); *Rabalais v. Dresser Industries, Inc.,* 566 F.2d 518, 519 (5th Cir. 1978).

■ Appellant maintains that because he filed a grievance with the union and thus did all he could to resort to his contractual remedies, he cannot be held to the exhaustion requirement. While he correctly recognizes that full exhaustion is not inevitably required by a court before it will exercise its jurisdiction under § 301, he fails to convince us that his complaint alleges facts which would bring him within any of the exceptions to the general rule of exhaustion. In *Vaca v. Sipes, supra,* the Supreme Court identified the "circumstances [under which] the individual employee may obtain judicial review of his breach-of-contract claim despite his failure to secure relief through the contractual remedial procedures." 386 U.S. at 185, 87 S.Ct. at 914. The first is "when the conduct of the employer amounts to a repudiation of those contractual procedures". *Id.* The second is if:

> "the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." *Id.* (emphasis in original).[1]

Thus, absent an allegation in the complaint either that the employer repudiated the grievance procedures or that the union wrongfully refused to process the employee's grievance through arbitration, the court "may not usurp those functions which collective-bargaining contracts have properly 'entrusted to the arbitration tribunal.'" *Hines v. Anchor Motor Freight, supra,* 424 U.S. at 562–63, 96 S.Ct. at 1055; *quoting Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 569, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

■ After recounting the facts which led to his termination from the company, appellant's complaint alleged that:

> "As a result of his being discharged for cause, the plaintiff filed a grievance through his union. On or about February 10, 1975, the plaintiff's union withdrew from arbitration. The plaintiff has exhausted his rights through the grievance procedure.

---

1. In *Glover v. St. Louis-San Francisco Railway Co.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969), the Supreme Court recognized a third exception to the exhaustion requirement—"the situation where the effort to proceed formally with contractual or administrative remedies would be wholly futile." *Id.* at 330, 89 S.Ct. at 551. This exception has been applied in "a line of cases . . . [involving] employees alleging racial discrimination", *id.,* and is not pertinent to the instant case.

"The plaintiff believes and therefore avers that the defendant discharged him in violation of the Collective Bargaining Agreement and that the plaintiff was not discharged for cause."

The complaint thus contains no allegation that the employer in any way frustrated the grievance process. And with respect to the union, the above allegations likewise are insufficient. As the district court correctly noted, neither *Vaca v. Sipes, supra,* nor the ensuing case law supports the position that "mere resort to the grievance procedure and a result unsatisfactory to the plaintiff is a sufficient predicate for his suing under Section 301." For as the Supreme Court has held: "[A] union does not breach its duty of fair representation, and thereby open up a suit by the employee for breach of contract, merely because it settled the grievance short of arbitration." *Vaca v. Sipes, supra,* 386 U.S. at 192, 87 S.Ct. at 918. Appellant's complaint contains no allegation of bad faith, arbitrariness or discrimination by the union, nor does it allege that the union ignored his grievance or "processed the grievance in a perfunctory manner." *Hines v. Anchor Motor Freight, supra,* 424 U.S. at 569, 96 S.Ct. at 1058, *quoting Vaca v. Sipes, supra,* 386 U.S. at 194, 87 S.Ct. 903, *see Ruzicka v. General Motors Corporation,* 523 F.2d 306, 309–310 (6th Cir. 1975); *Lomax v. Armstrong Cork Co.,* 433 F.2d 1277, 1280–81 (5th Cir. 1970). His complaint thus furnishes no basis whatsoever for the exercise of jurisdiction pursuant to § 301, and the district court properly granted appellee's motion for judgment on the pleadings.[2]

We next address appellant's unsuccessful attempts to amend his complaint. The first such attempt, and the only one which receives attention in appellant's brief, occurred over two years after the institution of suit. The district court denied leave to amend, citing undue delay as his reason. Although recognizing that the allowance of amendments after a responsive pleading has been filed rests in the sound discretion of the trial court, *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Ondis v. Barrows,* 538 F.2d 904, 909 (1st Cir. 1976); *Farkas v. Texas Instruments, Inc.,* 429 F.2d 849, 851 (1st Cir. 1970), appellant argues that the court violated the mandate of Fed.R.Civ.P. 15(a) that "leave shall be freely given when justice so requires". He further maintains that mere delay is not a ground for denying leave to amend.

While courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party, *see Mercantile Trust Company National Association v. Inland Marine Products,* 542 F.2d 1010, 1012 (8th Cir. 1976); *Farkas v. Texas Instruments, Inc., supra,* 429 F.2d at 851; 3 J. Moore, Federal Practice, ¶ 15.08(4) at 15–102, it is clear that "undue delay" can be a basis for denial:

"In the absence of any apparent or declared reason—such as *undue delay,* bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis, supra,* 371 U.S. at 182, 83 S.Ct. at 230 (emphasis added); *see* 3 J. Moore, *supra,* at 15–94 & n. 10.

And where, as here, a considerable period of time has passed between the filing of the

---

**2.** Appellant argues that his complaint should not be deemed insufficient because he did not join the union as a defendant. His argument is puzzling, for the district court did not suggest that the absence of the union was a defect in the complaint. Nor do we:

"Neither an employer nor a union is an indispensable party in an action against the other by an employee-union member when the action against the employer is based on a violation of the terms of the collective bargaining agreement and the action against the union is based on the statutory duty of fair representation." *Kaiser v. Local No. 83,* 577 F.2d 642, 644 (9th Cir. 1978).

We fail to see how this proposition supports appellant's contention that the allegations in his complaint were sufficient to overcome the requirement that an employee exhaust the remedies provided in the collective bargaining agreement.

complaint and the motion to amend, courts have placed the burden upon the movant to show some "valid reason for his neglect and delay". *Freeman v. Continental Gin Co.,* 381 F.2d 459, 469 (5th Cir. 1967); *see Doe v. McMillan,* 566 F.2d 713, 720 (D.C.Cir.1977); *Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir. 1976); *Roorda v. American Oil Co.,* 446 F.Supp. 939, 947 (W.D.N.Y.1978).

■ Appellant has failed to meet that burden. He does not argue on appeal, as he did in his motion for reconsideration before the district court, that discovery led to previously unknown facts which altered the shape of his case, an argument that was not supported by the record. This is not a situation in which the delay in moving to amend can be attributed, even in part, to either appellee or the court. *See Farkas v. Texas Instruments, Inc., supra,* 429 F.2d at 851. Appellant simply allowed his case to lie fallow for more than two years, and apparently was prompted to amend only when appellee moved for judgment on the pleadings. The only excuse he offers for this delay is that because the duty of fair representation is an expanding concept, the law caught up with his theory of the case after the pleadings already had been filed. The allegations of appellant's proposed amended complaint, however, belie this contention:

"[T]he defendant Union in breach of its statutory duty of fair representation owing to the plaintiff under the provisions of Title 29 U.S.C. Sections 141 et seq. conspired with the defendant Millwork to permit the plaintiff's discharge to stand, although there was no just cause therefore; that the negotiations between the defendants with respect to the plaintiff's grievance were spurious, carried on in bad faith, and deliberately designed to give the plaintiff the false impression that sincere effort was being made by the defendant Union to resolve the grievance by securing plaintiff's reinstatement . . . ."

These allegations, rather than representing a vanguard in the law, are fully encompassed by *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), decided nearly ten years before appellant filed his original complaint, and ignorance or misunderstanding of the law "has been held an insufficient basis for leave to amend." *Goss v. Revlon, Inc., supra,* 548 F.2d at 407; *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 970–71 (6th Cir. 1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974); *Head v. Timken Roller Bearing Co.,* 486 F.2d 870, 874–75 (6th Cir. 1973).

■ Furthermore, we cannot accept appellant's argument that the appellee would suffer no prejudice from the addition of the union as a defendant and the charge that the union breached its duty of fair representation. As the above passage quoted from the proposed amendment indicates, the complaint as amended would charge the company with conspiring with the union to deprive appellant of his rights under the collective bargaining agreement, a charge not contemplated by the original complaint. Moreover, the parties had already engaged in and apparently had completed discovery when appellant sought to amend his complaint. Given the appellant's failure to excuse in any way his delay in prosecuting his suit, we cannot describe this prejudice as insignificant.

■ We are not faced with a situation in which the district court has denied a motion to amend without explanation, *see Foman v. Davis, supra,* 371 U.S. at 182, 83 S.Ct. at 227. The parties were given an opportunity to present their respective positions on the motion to amend and did so both in writing and in oral argument. Finding no abuse of discretion by the district court, we affirm its denial of appellant's motion to amend his pleadings.

■ It follows that the court likewise did not err in denying appellant's motion to amend after judgment had entered on the pleadings. Not only was this motion made without moving for relief from judgment pursuant to Fed.R.Civ.P. 60, *see* 3 J. Moore, *supra,* ¶ 15.10 at 15–144–45, it made essentially the same allegation against appellee as was contained in the first proposed

amendment to the complaint. Given its finding that appellant's "undue delay" barred him from filing the first amendment, the court committed no error in denying the second motion as well.

*Accordingly, the judgment below is affirmed.*