**Robert HEBERT**

v.

**POST MACHINERY COMPANY, INC.**

**No. C79–364–L.**

United States District Court,
D. New Hampshire.

Aug. 22, 1980.

Stephen R. Fine, Manchester, N. H., for plaintiff.

William F. Joy, Jr., Boston, Mass., Edward E. Shumaker, III, Concord, N. H., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO AMEND COMPLAINT

LOUGHLIN, District Judge.

Plaintiff, Robert Hebert originally brought suit against defendant, Post Ma-

chinery, in the New Hampshire state court system broadly alleging wrongful termination of plaintiff's employment with the defendant. Defendant thereupon, with the agreement of plaintiff, removed the action to this court pursuant to the provisions of 28 U.S.C. § 1441.

At a pretrial, it was determined by the magistrate for this district that the defendant should file a motion for summary judgment to which the plaintiff should object to enable this court to determine the matter of the jurisdictional basis of the claim and whether or not the complaint sets forth a sufficient claim in light of section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185.

Before the defendant was required to file its motion, plaintiff filed a motion to amend his pleadings in order to allege defamation, invasion of privacy, and tortious interference with contract and other rights. Defendant has opposed this motion to amend.

As the complaint now stands, the motion for summary judgment for the defendant is in order. *Hayes v. New England Millwork*, 602 F.2d 15 (1st Cir. 1979). Plaintiff has not alleged in his complaint, his motion to amend his complaint, nor in the hearing on these motions that the defendant has repudiated the collective bargaining agreement or that the plaintiff's union failed in its duty to fairly and adequately represent the plaintiff in the pursuit of his claim.

■ The complaint as plaintiff would have it amended provides no independent basis for the exercise of this court's jurisdiction. There is no longer a federal question, as defendant's motion for summary judgment is in order or in the alternative, the granting of plaintiff's motion for leave to amend his complaint would strike the original complaint and leave only three counts sounding in state law. There exists no diversity jurisdiction as the parties are both residents of this district for the purposes of jurisdiction. This last point was readily admitted by counsel for both parties during the hearing on these motions.

■ Finally, the court refrains from exercising its pendent jurisdiction over the state law claims. "It has been consistently recognized that pendent jurisdiction is a doctrine of discretion . . ." *United Mine Workers v. Gibbs*, 383 U.S. 715 at 726, 86 S.Ct. 1130 at 1139, 16 L.Ed.2d 218 (1966). Although defendant argues that the remaining state law claims involve matters over which there is an overriding and articulated federal policy, and defendant cites *Honaker v. Florida Power and Light Co.*, D.C.Fla., 95 L.R.R.M. 3265 (1977) as an articulation of its position and for its support, reliance on the argument and the case is misplaced. The present matter is not a case where the plaintiff complains of statements or actions which took place during the course of a grievance proceeding. As a result the holding of *General Motors Corp. v. Mendicki*, 367 F.2d 66, at 70 (10th Cir. 1966) that

> It is our conclusion that statements made either by representatives of management or by representatives of an employee at a conference or bargaining session having for its purpose the adjustment of a grievance of the employee or other peaceable disposition of such grievance are unqualifiedly privileged

is apposite. The alleged statements were not made between the parties, nor were they made in an attempt to adjust the grievance. Further, plaintiff alleges they were not made in good faith.

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. (footnotes omitted)

*United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139.

Defendant's motion for summary judgment on the original complaint filed by plaintiff is granted. The court will not exercise its discretion to assert jurisdiction over plaintiff's state law claims asserted in

his motion to amend complaint. Whereas there is independent basis for this court to exercise jurisdiction, plaintiff is left to seek his redress in the state courts.