**Maria M. AGOSTO ALICEA, et al., Plaintiffs,**

v.

**RCA BORINQUEN, INC. and Local Union 2296, International Brotherhood of Electrical Workers, AFL–CIO, Defendants.**

Civ. No. 85–2431 GG.

United States District Court,
D. Puerto Rico.

Sept. 25, 1987.

Pedro J. Varela, Hato Rey, P.R., for plaintiffs.

Fiddler, Gonzalez & Rodriguez, José A. Silva Cofresi, San Juan, P.R., for RCA Borinquen, Inc.

Lopez–Lay & Vizcarra, Santurce, P.R., for Local Union 2296, IBEW.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an action brought by plaintiffs under the provisions of Section 301 of the

---

Labor Management Relations Act, 29 U.S.C. § 185 *et seq.* and Puerto Rico Act No. 80 of May 30, 1976 (Act 80), 29 L.P.R.A. § 185, against defendants, RCA Borinquen, Inc. (RCA), and Local Union 2296, International Brotherhood of Electrical Workers, AFL–CIO (Local 2296). Jurisdiction is invoked under 29 U.S.C. § 185 and 28 U.S.C. § 1441. Pending before us are defendants' separate motions for summary judgment and plaintiffs' oppositions to said motions.

All of plaintiffs herein were employed by RCA at a plant the company operated in Juncos, Puerto Rico. At all times relevant to this action, plaintiffs were represented exclusively by Local 2296, which had negotiated various collective bargaining agreements with RCA. The last of these agreements became effective on February 16, 1984, and remained in effect until December 8, 1986.

In March and August, 1985, RCA laid off indefinitely many of its employees at its Juncos plant. On both occasions, RCA notified Local 2296 of its final decision to lay off these employees, and the union endeavored to insure that the layoffs complied with the terms of the collective bargaining agreement.[1] Because Local 2296 determined that the layoffs were for just cause and were performed in compliance with the terms of the agreement, it chose not to present any grievances against RCA. We must also note that at no time did any employee initiate a grievance against RCA for the layoffs.

In March, 1986, RCA informed the union's officials that it would close its plant at Juncos. The union and the company negotiated a closing agreement that in essence contained incentives for those employees who stayed at the plant until its closing. On June 27, 1986 the Juncos plant closed.

On November 29, 1985, plaintiffs filed a complaint against defendants before the Superior Court of Puerto Rico. On December 20, 1985, Local 2296 removed that ac-

tion to this court under the provisions of 28 U.S.C. § 1441, invoking our jurisdiction under 29 U.S.C. § 185. After the parties had engaged in discovery proceedings, both defendants filed separate motions for summary judgment, which plaintiffs opposed. We referred these motions to the United States Magistrate, who filed on January 13, 1987 a report recommending that defendants' motions be granted. Plaintiffs have objected to the magistrate's report; thus we must review this matter *de novo.* 28 U.S.C. § 636(b)(1)(C).

Rule 56 of the Federal Rules of Civil Procedure establishes the proper standard for deciding a motion for summary judgment. Summary judgment may be granted if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Not only must there be no genuine issue of fact, there must also be no controversy as to the inferences to be drawn from them. *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed. 2d 142 (1970); *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.,* 754 F.2d 404, 411 (1st Cir.1985); *Stepanischen v. Merchants Despatch Transportation Co.,* 722 F.2d 922, 928 (1st Cir.1983).

In their motions for summary judgment both defendants assert that all of plaintiffs' claims fall under the grievance and arbitration procedure of the collective bargaining agreement. They further argue that, because none of the plaintiffs pursued the remedies available in the agreement, they are now barred from bringing those grievances before this court. In their motions, plaintiffs do not dispute that their claims were subject to the grievance and arbitration procedure of the collective bargaining agreement, nor do they dispute that they eschewed said procedure. Plaintiffs contend instead that they did not institute a grievance under the collective bar-

1. Paragraph 2.02 of the Collective Bargaining Agreement states that the employer has the right to lay off employees for lack of work or for other legitimate reasons. Paragraph 11.01 provides that where layoffs occur, each occupation-al classification shall be treated separately and seniority within each classification shall determine the order in which employees are laid off, with employees having lower seniority being the first ones laid off.

gaining agreement[2] because both defendants prevented them from doing so, and consequently they should not be compelled to exhaust contractual remedies before knocking at our door.

Unfortunately for plaintiffs, we conclude that on the road to vindicate their alleged rights, they took the wrong tine of the fork, and are now at a fatal dead end. It is axiomatic that if the collective bargaining agreement establishes a mechanism to solve disputes and grievances, the parties should ordinarily utilize that mechanism, and not attempt to circumvent it by filing an action before the courts. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 563, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); *Hayes v. New England Millwork,* 602 F.2d 15, 18 (1st Cir.1979); *Confederación Laborista de Puerto Rico v. Cervecería India, Inc.,* 607 F.Supp. 1077, 1080 (D.P.R. 1985). An exception to this rule has been recognized by the courts when the union breaches its duty of fair representation towards the employee. Such a breach occurs when the union's conduct towards a member of the bargaining unit is arbitrary, discriminatory or in bad faith. *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967); *Soto–Segarra v. Sea–Land Service, Inc.,* 581 F.2d 291, 295 (1st Cir.1978). Plaintiffs bear the burden of proving that Local 2296 breached its duty. *Vaca,* 368 U.S. at 186, 87 S.Ct. at 914. They have failed to meet this burden.

We first note that of the 177 plaintiffs in this action, not a single one even attempted to institute a grievance complaining of the layoffs of March and August, 1985 or, for that matter, complaining of any of RCA's actions. Plaintiffs' argument that no union official was available to present their grievances is unpersuasive. Section 13.01 of the Collective Bargaining Agreement provided that an employee may present his grievance directly to his supervisor, without the need for a union representative. If any one of the 177 plaintiffs had complained to his supervisor of RCA's actions, the union would have been on notice that its members had a grievance, and would have been bound to take appropriate action. Further, plaintiffs' argument that neither the union officials nor the personnel office of RCA ever told them that they could initiate the grievance by themselves is equally unconvincing in light of the uncontroverted fact that copies of the collective bargaining agreement were readily available to all employees.

We further find that even had the union been on notice that some of its members wished to file a grievance, it was under no duty to process said grievance through all the stages of the contractual procedure. Local 2296 has established that upon being notified by RCA of the impending layoffs, it immediately took measures to insure that the layoffs were carried out in compliance with the terms of the collective bargaining agreement. Because the union concluded that the layoffs did comply with the collective bargaining agreement, it decided not to file a grievance on behalf of its laid off members. It must be remembered that the contractual mechanism for the resolution of disputes contemplates that both the employer and the union will each endeavor in good faith to settle grievances without recourse to arbitration, and that therefore a union is not liable for breach of its duty of fair representation solely because it settles a grievance short of arbitration or decides not to pursue a meritless claim. *Vaca,* 368 U.S. at 191, 87 S.Ct. at 917; *Hayes,* 602 F.2d at 19.

To sustain their position, plaintiffs attached to their motions numerous affidavits which contain only conclusory statements that do not come from the affiants' personal knowledge. Obviously, these sworn statements do not comply with the requirements set forth in Rule 56 of the

---

**2.** Article XIII of the Collective Bargaining Agreement sets out the grievance and arbitration procedure to be used in settling labor disputes within the company. Paragraph 13.01(a) establishes the right of any employee to verbally present a complaint to his supervisor, directly or through the Union Representative. Paragraph 13.01(b) defines "grievance" as a dispute or difference between the Company and the Union with respect to the application or interpretation of any provision of the collective bargaining agreement. Grievance resolution consists of a four-step procedure which culminates in arbitration.

Federal Rules of Civil Procedure, which provides that a party opposing a duly-supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but his response, ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, should be entered against him." *See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Moreover, we also find that plaintiffs have failed to show that there is a genuine issue of material fact that would prevent us from granting defendants' motions. For a factual dispute to be genuine, it must be supported by sufficient evidence "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Taylor v. Hercules, Inc.,* 780 F.2d 171, 174 (1st Cir.1986); *citing First National Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). For said dispute to be material, it must affect the outcome of the litigation. *Taylor, supra, citing Pignons S.A. de Mecanique v. Polaroid Corp.,* 657 F.2d 482, 486 (1st Cir.1981). To meet their burden and save their case, plaintiffs need to comply with both these requirements. Unfortunately for them, the record shows that they have utterly failed to comply with either.

In light of all this, we find that defendants have shown that there is no genuine issue of material fact in this case, and that they are entitled to a judgment as a matter of law, since plaintiffs have failed to exhaust the contractual remedies available to them before filing this action. Accordingly, the motions for summary judgment filed by RCA and Local 2296 shall be and are hereby GRANTED. All of plaintiffs' claims shall be and are hereby DISMISSED.

The Clerk shall enter judgment accordingly.

SO ORDERED.