Gray v. St. Martins Press          CV-95-285-M    10/05/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Robert K. Gray,
      Plaintiff

v.                                        Civil No. 95-285-M

St. Martin's Press, Inc.
and Susan Trento,
      Defendants

O R D E R

Plaintiff, Robert Gray, moves to amend his complaint by adding 20 additional allegedly defamatory statements contained in The Power House, Robert Keith Gray and the Selling of Access and Influence in Washington ("The Power House"), a book authored by Susan Trento and published by St. Martin's Press. Defendants object, alleging that the statements in question fail to "relate back" under Fed. R. Civ. P. 15 and any defamation claim relating to them is, therefore, barred by the statute of limitations. Defendants also contend that plaintiff has unduly delayed the filing of his motion to amend and say that they would be substantially prejudiced if the court were to grant that motion.

Because the court holds that plaintiff has failed to adequately explain why his motion to amend the complaint was filed more than six years after publication of The Power House and more than three years after he instituted this defamation action, his motion to amend is denied. Consequently, the court

need not address defendants' contention that the 20 statements at issue fail to "relate back" under Fed. R. Civ. P. 15(c).

## Factual Background

The factual and procedural history of this case is discussed in detail in the court's prior written orders.  Accordingly, the court will discuss only those facts relevant to the instant dispute.

St. Martin's published Trento's book, The Power House, in July 1992.  Prior to that date, however, in January of 1990, Gray had obtained a copy of Trento's book proposal.  After reading that proposal, Gray and his counsel notified both Trento and St. Martin's that, in Gray's opinion, the proposal contained numerous inaccuracies which defamed both him and others.  Gray claims to have provided defendants a detailed specification of each statement which he viewed as false and/or defamatory.  After it claims to have investigated Mr. Gray's assertions and otherwise verified Trento's work, St. Martin's published The Power House.

Approximately three years later, in June of 1995, Gray instituted this defamation action, asserting that eight statements in the book defamed him.  On August 31, 1995, following a preliminary pretrial conference, the court established a two-tiered discovery schedule:

2

>    Discovery Limitations: The parties will limit discovery between now and April 1, 1996, to matters relevant to or likely to lead to evidence relevant to defendants' "opinion" and actual "malice" defenses anticipated to be the subject of their motion for summary judgment.

>    Completion of Discovery: February 1, 1997.  The parties are unsure at this time whether additional extensive discovery may be needed subsequent to the court's ruling on the anticipated dispositive motions. Accordingly, at the request of either party, the court will revisit the discovery schedule following its ruling on dispositive motions to be filed on or before May 1, 1996.

Pretrial Order (August 31, 1995).  Following preliminary discovery, defendants moved for summary judgment.  Plaintiff responded by alleging that the lack of sufficient discovery prevented him from fully and adequately responding to defendants' motion.  Crediting plaintiff's allegations, the court denied defendants' motion for summary judgment without prejudice, affording them the opportunity to resubmit a motion for summary judgment after additional discovery had been completed.  Gray v. St. Martin's Press, No. 92-285-M (D.N.H. March 18, 1997).

In June of 1997, defendants again moved for summary judgment, alleging that Gray was a public figure and could not prove by clear and convincing evidence that St. Martin's published the allegedly defamatory statements with knowledge of their falsity or serious doubts as to their truth.  St. Martin's also claimed that seven of the eight allegedly defamatory statements are protected opinions.  The court granted, in part, defendants' motion, holding that three of the eight statements

3

identified by Gray as defamatory were not actionable. <u>Gray v.</u>
<u>St. Martin's Press</u>, No. 92-285-M (D.N.H. March 5, 1998).
Plaintiff was, therefore, left with five allegedly defamatory
statements upon which to seek relief.

The parties then continued discovery and, along the way,
became embroiled in several disputes, which ultimately required
the intervention of both the Magistrate Judge and the court.
<u>See, e.g.</u>, <u>Gray v. St. Martin's Press</u>, No. 92-285-M (D.N.H. June
2, 1998).  After resolving most of the parties' disagreements,
the court (Muirhead, M.J.) entered a pretrial order, establishing
a new trial date and discovery deadlines.  Plaintiff then filed a
motion to amend his complaint, by which he seeks to add 20 more
allegedly defamatory statements taken from <u>The Power House</u>.

**Discussion**

Rule 15 of the Federal Rules of Civil Procedure provides, in
pertinent part:

> A party may amend the party's pleading once as a matter
> of course at any time before a responsive pleading is
> served or, if the pleading is one to which no
> responsive pleading is permitted and the action has not
> been place upon the trial calendar, the party may so
> amend it at any time within 20 days after it is served.
> Otherwise, a party may amend the party's pleading only
> by leave of court or by written consent of the adverse
> party; and leave shall be freely given when justice so
> requires.

Fed. R. Civ. P. 15(a).  When, as in this case, a responsive
pleading has been filed, the decision to allow a party to amend

4

its pleading is committed to the court's discretion.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  See also Acosta-Mestre v. Hilton Int'l. of Puerto Rico, Inc., ___ F.3d ___, 1998 WL 514107 at *2 (1st Cir. August 2, 1998) ("While leave to amend shall be freely given when justice so requires, the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases.") (citation and internal quotation marks omitted); Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1517 (1st Cir. 1989) ("A party's belated attempt to revise its pleadings requires that a court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations.").

The Court of Appeals for the First Circuit has made clear that "undue delay" in filing a motion to amend can form the basis for denial of that motion.  See Acosta-Mestre, ___ F.3d at ___, 1998 WL 514107 at *3 ("[U]due delay in seeking the amendment may be a sufficient basis for denying leave to amend."); Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 19 (1st Cir. 1979) ("[I]t is clear that 'undue delay' can be the basis for denial.").  Moreover, in cases such as this, where a considerable period of time has passed between the filing of the complaint and the motion to amend the complaint, the plaintiff bears the burden of demonstrating "some valid reason for his neglect and delay." Id., at 20 (citation and internal quotation marks omitted).  See also Acosta-Mestre, ___ F.3d at ___, 1998 WL 514107 at *2;

5

Stepanischen v. Merchants Despatch Transportation Corp., 722 F.2d 922, 933 (1st Cir. 1983) (holding that plaintiff failed to carry his burden of demonstrating some valid reason to justify filing a motion to amend his complaint approximately 17 months after bringing suit).

As justification for the three-year lapse between the filing of his original complaint and the motion to amend, Gray asserts:

> Although this action has been pending since mid-1995, the parties' efforts have been directed to such issues as personal jurisdiction and malice of the publisher defendant, St. Martin's Press, Inc. Accordingly, the delay in amending the complaint is not undue.

Plaintiff's Motion for Leave to File Amended Complaint (document no. 139) at para. 4. That explanation for the substantial delay in filing the motion to amend is insufficient.

As noted above, plaintiff obtained a copy of Trento's book proposal in 1990 and complained to St. Martin's that it contained factual inaccuracies and defamatory statements. Presumably, he then obtained a copy of the published work shortly after it was released in 1992. It is at least beyond dispute that he had a copy of The Power House prior to filing this suit in 1995. At all times during this litigation (as well as prior to this litigation), plaintiff has been ably represented by experienced counsel, who, like plaintiff, is also presumed to have carefully read The Power House prior to filing suit, reviewing every page

6

with a practiced eye for potentially actionable statements. Plaintiff has, however, failed to explain why it has taken over six years since the release of <u>The Power House</u>, and three years since he instituted this suit, to identify the additional 20 statements in that publication which he now believes to be defamatory. To the extent that such statement are false, one would expect that they would have caught plaintiff's attention as soon as he read them.

Here, as in <u>Hayes</u>, <u>supra</u>, the delay in filing plaintiff's motion to amend the complaint cannot fairly be attributed to either defendants or the court. Moreover, the timing of plaintiff's motion suggests that he was prompted to amend his complaint only after the court granted defendants' motion for summary judgment as to three of the eight allegedly defamatory statements identified in plaintiff's complaint. <u>See</u> <u>Hayes</u>, 602 F.2d at 20.

Further counseling against granting plaintiff's motion is the fact that defendants have reasonably and credibly asserted that the proposed five-fold increase in the scope of plaintiff's complaint at this late date would substantially prejudice them. Trento says that three of the witnesses upon whom she would have relied with respect to some of the 20 new statements are dead. At least two other such witnesses have moved and Trento claims not to have been able to locate them. Still another witness

7

apparently suffers from Alzheimer's disease and, therefore, his memory of relevant events and interviews is substantially (if not entirely) diminished.  As to other witnesses, their memories of events and interviews that occurred, at a minimum, over eight years ago (and of some events which occurred as long ago as World War Two), have likely faded.  Defendants also point out that relevant documentary evidence (in the possession of non-party Hill & Knowlton) has likely been destroyed.  See Defendants' Memorandum (document no. 145) at 15.

Basically, all "relevant indicators point uniformly toward disallowance" of plaintiff's motion.  Quaker State, 884 F.2d at 1517.  The facts upon which the proposed amended complaint is based were known to plaintiff from (and even before) inception of this action, over three years ago; there is no assertion (nor could there be) that plaintiff's proposed amendment is based upon newly discovered evidence.  Additionally, plaintiff sought leave to amend only after the court had partially granted defendants' motion for summary judgment and substantially pared-down the scope of his complaint.  And, perhaps most importantly, plaintiff has offered no reasonable justification for his lengthy delay in filing the motion to amend.  Granting that motion would also unduly prejudice defendants.

8

## Conclusion

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint (document no. 139) is denied.[1]


**SO ORDERED**

_____
Steven J. McAuliffe
United States District Judge

October 5, 1998

cc:   James G. Walker, Esq.
      Mark D. Balzli, Esq.
      Cletus P. Lyman, Esq.
      William L. Chapman, Esq.
      John C. Lankenau, Esq.
      Steven M. Gordon, Esq.
      Seth L. Rosenberg, Esq.

---

[1]   Plaintiff suggests that even if the court denies his motion to amend, he still plans to prove, at trial, the alleged falsity of the 20 additional statements in question. See Plaintiff's Reply Memorandum (document no. 151) at 5 ("Plaintiff intends to prove the falsity of the additional statements whether he is allowed to obtain relief for them by way of an amended complaint. All allegedly false statements made by Ms. Trento and St. Martin's in connection with the publication of The Power House are probative of the state of mind of both defendants."). Whether (or to what extent) plaintiff will be permitted to introduce evidence relating to those statements in the absence of an amendment to his complaint is, of course, not before the court and well beyond the scope of this order.