**MASSACHUSETTS ASSET FINANCING CORPORATION, Plaintiff,**

v.

**MB VALUATION SERVICES, INC., Defendant.**

Civil Action No. 2001–11612–RBC.

United States District Court, D. Massachusetts.

Feb. 28, 2008.

Christopher P. Maffucci, Robert A. Murphy, Casner & Edwards, LLP, Richard S. Rosenstein, Pepe & Hazard LLP, Boston, MA, for Plaintiff.

David J. Hatem, Donovan & Hatem, LLP, Matthew Mackay O'Leary, Warren D. Hutchison, LeClair Ryan, P.C., Boston, MA, for Defendant Sardone, Robinson & Schnell.

Dale A. Coggins, Patrick J. Dolan, Robert T. Gill, Timothy O. Egan, Peabody & Arnold LLP, Boston, MA, for Defendant MB Valuation Services, Inc.

Wanda Kinney–Canary, Tri–Tech Appraisal Services, Louisville, KY, pro se.

## MEMORANDUM AND ORDER ON MOTION TO AMEND ANSWER (# 267)

ROBERT B. COLLINGS, United States Magistrate Judge.

### I. INTRODUCTION

On September 20, 2001, plaintiff Massachusetts Asset Financing Corporation ("MAFCO") filed a Complaint (# 1) of negligence against the above-named defendants, including defendant MB Valuation Services, Inc. ("MB Valuation"). A day later, on September 21, it filed its Amended Complaint. (# 2) On November 15, MB Valuation filed its first Answer. (# 14) On March 21, 2002, MAFCO filed its Second Amended Complaint (# 43), to which MB Valuation filed its Answer to Amended Complaint (# 45) on April 1, 2002. Two days later, on April 4, 2002, MB Valuation filed a Motion for Summary Judgment, (# 57) and on August 29, 2002, the district court allowed summary judgment for MB Valuation (# 92). But the Court of Appeals reversed that decision on December 1, 2005, *see Massachusetts Asset Financing Corp. v. Harter, Secrest & Emery, LLP, et al.,* 430 F.3d 59 (1st Cir., 2005), and remanded the matter. (# 242) While the case against MB Valuation was on appeal, a trial was held with respect to the other defendants,[1] and they are not a part of the current proceedings.

After the Court of Appeals' reversal and remand, discovery resumed between MAFCO and MB Valuation. The parties attended a mediation conference in August of 2007. On November 30, 2007, MB Valuation filed this Motion to Amend its Answer (# 267) and a Motion for Summary Judgment (# 268),

---

1. Action against defendant Wanda Kinney–Canary, d/b/a Tri Tech Appraisal Services, was dismissed for lack of personal jurisdiction. (# 243)

along with its Memorandum of Law in Support of its Motion for Summary Judgment (# 269), Affidavit in Support of Motion for Summary Judgment (# 270), and Statement of Material Facts (# 271) in support thereof. On January 4, 2008, MAFCO filed its Opposition to Motion to Amend Answer (# 273), its Memorandum in Opposition to Motion for Summary Judgment (# 274), a List of Exhibits in Opposition to Motion for Summary Judgment (# 275) and Statement of Disputed Facts (# 276). MB Valuation filed its Reply Brief in Further Support of its Motion for Summary Judgment (# 277) on January 14, 2008.[2] Discovery between the parties closed at the end of December 2007, and a trial date is tentatively scheduled for May of 2008.

The issue now before the court is whether defendant MB Valuation shall be permitted to amend its answer to add the affirmative defense of Statute of Frauds, as stated in Massachusetts General Laws 259, Section 4. For the reasons stated below, defendant's motion to amend its answer will be denied.

## II. THE FACTS

Plaintiff MAFCO is in the business of making asset-based loans. In November 2000, it issued a loan to American Mold Corporation ("American Mold"), a plastics injection mold manufacturer. This loan was collateralized in part by machinery and equipment owned by American Mold.

Prior to making that loan, MAFCO employee Richard Gordon contacted Scott Creel of MB Valuation, an appraisal services company, to obtain a professional appraisal of the machinery and equipment. Creel and MB Valuation had performed several appraisals for MAFCO in the past and Gordon inquired as to whether Creel could perform an appraisal for the American Mold loan. Creel could not perform the appraisal,[3] but referred MB Valuation to another appraiser, Wanda Kinney–Canary, d/b/a Tri Tech Appraisal Services, Inc. ("Tri Tech").

The parties disagree as to what happened next. MAFCO contends that Creel promised to "supervise and review [Kinney–Canary's] report and analysis," (# 274 at 3) and that he did, in fact, review and alter Kinney–Canary's appraisal of American Mold. MAFCO also maintains that, on the eve of funding the loan, it discussed the appraisal with Creel and that he projected some value changes based on the newly discovered fact that some of American Mold's equipment was leased and not owned by them. For its part, MB Valuation denies that Creel had any further involvement following the referral to Kinney–Canary.

The final appraisal for the American Mold equipment was approximately $1.1 million. On November 10, 2000, MAFCO extended a loan to American Mold in the amount of $648,953. When American Mold defaulted on the loan and filed for bankruptcy early in 2001, MAFCO conducted a liquidation of the collateralized equipment to recoup its losses. The equipment sold at auction in November 2001 for about $20,000. MAFCO claims damages against MB Valuation resulting from professional negligence.

## III. THE LAW

By its motion, MB Valuation now seeks to amend its answer to add the Statute of Frauds, M.G.L. 259 § 4[4], as an affirmative defense to MAFCO's claim of professional negligence. Rule 15(a), Fed.R.Civ.P., provides that a party may amend its pleading by

---

**2.** Because defendant's motion to amend its answer was filed contemporaneously with its motion for summary judgment, and because both parties address the procedural challenges and legal merits of the affirmative defense in their summary judgment briefings as well as their memoranda on the instant motion, the court has taken all such documents into consideration.

**3.** MAFCO states that Creel could not perform the appraisal because he had just undergone or was going to undergo knee surgery; MB Valuation contends that Creel declined to perform the appraisal because he had neither the qualifications nor the expertise to perform such a task.

**4.** M.G.L. 259 § 4 states:

No action shall be brought to charge a person upon or by reason of a representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance is made in writing and signed by the patty to be charged thereby, or by some person thereunto by him lawfully authorized.

leave of the court and that "leave shall be freely given when justice so requires." Rule 8(c), Fed.R.Civ.P., however, states that a party must set forth all affirmative defenses in the pleadings or these defenses may be deemed waived. The purpose of Rule 8(c) is to give the opposing party notice of the defense and a chance to develop evidence and offer arguments against it. *See Wolf v. Reliance Standard Life Insurance Co.*, 71 F.3d 444, 449 (1st Cir.1995).

In making an exception to a Rule 8(c) waiver, the court should consider whether there exists undue delay or bad faith on the part of the moving party, prejudice to the non-moving party, or if the amendment is itself futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir.2003) ("There are certain exceptions to the Rule 8(c) bar which might be invoked, *inter alia*, either where (i) the defendant asserts it without undue delay and the plaintiff is not unfairly prejudiced by any delay; ... or (ii) the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed."). In so doing, the court must examine "the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose—to act as a safeguard against surprise and unfair prejudice-has been vindicated." *Williams v. Ashland Eng'g Co. Inc.*, 45 F.3d 588, 593 (1st Cir.1995), *abrogated on other grounds by Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.*, 215 F.3d 136 (1st Cir.2000).

With respect to the issue of timeliness, it is without question that MB Valuation delayed in making its motion to amend its answer to include the Statute of Frauds defense. Even taking into consideration the two and one-half years that the case lay in appeal,[5] Defendant's motion to amend is not timely. The Court of Appeals handed down its mandate remanding the case on December 23, 2005;

the motion to amend was not filed until nearly two years later.[6] When a "considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some Valid reason for his neglect and delay'." *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 20 (1st Cir.1979) *(quoting Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir.1967)); *see also Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1178 n. 11 (1st Cir.1995) (Rule 15(a) "frowns upon undue delay in the amendment of pleadings, particularly if no legitimate justification for the delay is forthcoming."). MB Valuation avers that it used this period to conduct discovery pertaining to the existence of a writing between MB Valuation and MAFCO, an essential element of the defense, (# 277 at 2) The court is not persuaded by this attempt to argue a "late discovered affirmative defense," *Depositors Trust Co. v. Slobusky*, 692 F.2d 205, 208 (1st Or.1982), particularly since MAFCO never argued that such a writing even existed.

While admitting its delay in seeking this motion (# 267 at 2), MB Valuation contends that mere delay is in itself insufficient grounds to deny such a motion, so long as the non-moving party receives notice and is not prejudiced. *See Williams*, 45 F.3d at 593 ("Where ... a plaintiff clearly anticipates that an issue will be litigated, and is not unfairly prejudiced when the defendant actually raises it, a mere failure to plead the defense more particularly will not constitute a waiver."). In *Williams*, the court determined that the defendant "complied with the spirit, if not the letter, of Rule 8(c)" when it wrote to its opposing party of its affirmative defense before the end of discovery and six months prior to filing for its summary judgment motion. *Id.* MB Valuation contends that MAFCO received sufficient notice of the affirmative defense and thus should not be surprised by it now. MAFCO acknowledges that it first learned of the defense in August

---

5. This case was understandably dormant from August 29, 2002, the date of the first order on summary judgment motion, until the Court of Appeal's reversal on December 1, 2005 and subsequent mandate on December 23, 2005.

6. The court further notes that MB Valuation did not seek to add or argue this affirmative defense at all during the first seven months of this case, either in its two answers or in its first motion for summary judgment.

of 2007 when it received a written memo from the defendant three days before their mediation conference.[7] (# 273 at 2) At that time, discovery was still on-going and, indeed, would not be closed for another six months. It is thus possible to contend that MAFCO had sufficient time to procure evidence and prepare its counter-arguments on the issue.

Indeed, if notice and surprise were the only factors under consideration, this case might be decided differently. But the court must also look to whether the non-moving party would be prejudiced by a motion to amend. MAFCO proffers three possible prejudices: the loss of the appraiser's project file, the death of one of its witnesses, and the time and money already expended by plaintiff to date. Because the court finds prejudice in the first proffering, it need not address the other two.[8]

During oral arguments on the motion,[9] counsel for MAFCO informed the court that the project file of Tri Tech appraiser Wanda Kinney–Canary has disappeared. According to Kinney–Canary's deposition testimony, the project file contained all Kinney–Canary's information pertaining to the American Mold appraisal, including estimates, hand-written notes and correspondence. Specifically, when asked what materials would be in the file, Ms. Kinney–Canary answered that the file would contain the report and the engagement letter from MAFCO. Furthermore, she reported, "[I]f I pulled anything off the Internet, I would have either written it down or I would have printed it. There would be my handwritten note on who I spoke to and what they said, whether it was a banker, a dealer, or a manufacturer." (Dep. of Kinney–Canary, # 279, at 101) In addition, while she didn't always keep a record of conversations in the file, she did when she felt "like decisions were made in that conversation that needed to be recorded." (Id. at 102) Later in her deposition, when asked if she had made handwritten notes during a particular conversation with a dealer, she replied, "Oh, yeah. I made notes on everything I did." (Id. at 150). She was then asked if those notes would have been in the file, to which she replied, "Yeah." (Id.)

In her deposition, Kinney–Canary stated that she had the file at the commencement of the lawsuit and that she realized the importance of the file (id. at 198), but that some time after 2005, the file was lost. She has looked for the file in every possible location, but cannot find it. She now believes her daughter-in-law may have purged it some time during 2005–2006 while Kinney–Canary was injured and she was taking care of Kinney–Canary's home/office. (Id. at 200) While Kinney–Canary states that she will continue to look for the file (id. at 74), given the circumstances and for all intents and purposes, its contents should now be deemed irretrievable.

The loss of this file is sufficiently prejudicial to the plaintiff. The file would clearly be relevant to the dispute between the parties recited at pp. 4–5, *supra.* Without it, there

---

7. Counsel for defendant MB Valuation contends that it first discussed with MAFCO counsel the possibility of a Statute of Frauds defense during a deposition on January 9, 2007. (# 277 at 2) The court acknowledges without comment the discrepancy in these two dates; it relies upon the latter date merely because counsel for both parties agree that the affirmative defense was addressed at that time in a written memorandum. The Court's decision would remain the same even if it were to rely upon the earlier date.

8. The death of one of the plaintiffs witnesses might in addition raise at least the shadow of prejudice. Joel Nadel, the vice-president of MAFCO, died shortly after the case was remanded on appeal. Before his death, he proffered a sworn affidavit outlining his dealings with Scott Creel and MB Valuation with respect to the American Mold appraisal. While the court does not find that Nadel's testimony is in and of itself invaluable to plaintiff's Statute of Frauds counter-argument, Nadel does make reference in his final affidavit to hand-written notes concerning a telephone conversation with Creel on the eve of the loan's funding. (Dep. of Joel Nadel, # 275, Exh. E) These notes may serve to establish Creel as a partner to the written appraisal; their *Footnote 8 (continued)* admissibility would be crucial because Creel denies this phone call ever took place. But because there exists the possibility that Nadel's affidavit and his hand-written notes might be excluded as hearsay, *see* Rule 804, Fed.R.Evid., the court might find plaintiff has been further prejudiced by the death of Joel Nadel.

9. Held before this court on February 6, 2008.

is no documentary evidence which could be used to prove or disprove the content of any phone call conversations between Kinney–Canary, Creel and/or the parties. It is also now impossible to establish the existence of any correspondence between Kinney–Canary and Creel, including any revisions Creel may have done to the appraisal and delivered to Kinney–Canary either in a written form or through a phone conversation. While Kinney–Canary does not attest in her deposition that such correspondence, in fact, existed and was maintained in her file, without the actual file, there can be no way of knowing with certitude. Had MB Valuation raised its affirmative defense in a timely manner, MAFCO would have been on notice much earlier and the documents contained in the now-lost file may have been properly procured in discovery.

## IV. CONCLUSION AND ORDER

Considering the length of the untimely delay and the proferred assertion of prejudice, the Court concludes that MB Valuation shall not be permitted to amend its answer to add this affirmative defense.[10] Accordingly, it is ORDERED that Defendant's Motion to Amend Answer (# 267) be, and the same hereby is, DENIED.

10. Because the court finds that allowing the motion to amend the answer would unfairly prejudice the plaintiff, it need not address the possible merits of the actual affirmative defense.